IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES HERRON, | ) | CASE NO. 1:10 CV 1783 |
| | ) | |
| Petitioner, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| BENNIE KELLY, Warden, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -2-

Statements of the Facts and of the Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -3-
    A.    The underlying facts, trial court proceedings and sentence . . . . . . . . . . .  -3-
    B.    Direct appeal . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -5-
        1.    Ohio Court of Appeals . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -5-
        2.    The Supreme Court of Ohio . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -6-
    C.    Motion to supplement the appellate record . . . . . . . . . . . . . . . . . . . . . . .  -7-
    D.    Petition for writ of habeas corpus . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -8-

Analysis . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -10-
    A.    Preliminary observations . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -10-
    B.    Standards of review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -11-
        1.    AEDPA review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -11-
        2.    Non-cognizable claim . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -14-
        3.    Procedural default . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -15-
    C.    Application of standards . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -18-
        1.    Ground four should be dismissed because the claim is non-
            cognizable and procedurally defaulted. . . . . . . . . . . . . . . . . . .  -18-
        2.    Ground one – ineffective assistance of trial counsel – should be
            denied on the merits after AEDPA review. . . . . . . . . . . . . . . .  -21-
        3.    Ground two – speedy trial – should be denied because the state court
            decision denying this claim was neither contrary to, nor an
            unreasonable application of, clearly established federal law. . .  -23-
        4.    Ground three – withdrawal of the guilty plea – should be denied
            because the state court's decision in this regard was neither contrary
            to, nor an unreasonable application of, clearly established federal
            law. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -27-

5.      Ground five – a deficient indictment – should be denied because the state court's adjudication of this claim was neither contrary to, nor an unreasonable application of, clearly established federal law.  .  .  -29-

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -31-

## Introduction

Before me by referral[1] is the petition of Charles Herron for a writ of habeas corpus under 28 U.S.A. § 2254.[2] Herron is currently incarcerated at Trumbull Correctional Institution in Leavittsburg, Ohio, where he is serving a term of fifteen years imprisonment imposed on April 2, 2008, after his conviction following a guilty plea in the Cuyahoga County Court of Common Pleas to charges of rape and robbery.[3]

In his petition, Herron raises five grounds for relief.[4] The state, in is return of the writ, argues that the petition should be denied in part and dismissed in part.[5] Herron filed a traverse.[6] For the following reasons, I recommend finding that the petition should be dismissed in part and denied in part.

_____

[1] ECF # 2.

[2] ECF # 1.

[3] *Id.* at 2.

[4] *Id.* at 3, 6.

[5] ECF # 7 at 13-21.

[6] ECF # 13.

## Statements of the Facts and of the Case

**A.      The underlying facts, trial court proceedings and sentence**

In 1996 a volunteer youth minister at the City Mission in Cleveland was raped and robbed as she was walking home from the Mission.[7] The identity of the victim's assailant, however, was not known until her rape kit was analyzed by an out-of-state DNA laboratory in November of 2004.[8] Those results, once entered into a state data base, ultimately identified Herron as the rapist in 2005.[9] An Ohio grand jury in September, 2007, then indicted Herron for one count of rape, with a sexually violent predator specification; one count of kidnaping, with a sexual motivation specification; and two counts of aggravated robbery.[10]

After initially entering a not guilty plea, Herron, in late 2007, through appointed counsel, signed a waiver of his speedy trial rights[11] and moved to have the charges against him dismissed on the ground that the delay between the offense and the indictment was prejudicial.[12] As the trial date approached, Herron, also through counsel, executed a second waiver of his speedy trial rights and agreed to a trial date in March, 2008.[13]

---

[7] ECF # 7, Attachment (state record) at 94.

[8] *Id.*

[9] *Id.*

[10] *Id.* at 1-4.

[11] *Id.* at 33.

[12] *Id.* at 7-11.

[13] *Id.* at 33.

But, very shortly after signing that second speedy trial waiver, Herron, *pro se*, moved to "reassert my speedy trial rights," and to have the charges against him dismissed for speedy trial violations.[14] Without the present record reflecting a ruling on that motion, on March 12, 2008, Herron withdrew his previous pleas of not guilty and entered guilty pleas to one count of rape, without a sexual predator specification, and to one count of aggravated robbery, with the remaining counts being nolled.[15]

Notwithstanding his guilty plea, however, Herron, *pro se*, moved the court to withdraw his plea and dismiss the charges, claiming that the statute of limitations for rape had expired prior to his indictment.[16] The trial court, which addressed Herron's motion at the sentencing hearing on April, 2, 2008,[17] denied the motion to withdraw the plea and sentenced Herron to consecutive terms of nine years for rape and six years for robbery, for an aggregate term of fifteen years incarceration.[18]

---

[14] *Id*. at 35-39.

[15] *Id*. at 41.

[16] *Id*. at 42-44.

[17] *See*, *id.* at 71-72.

[18] *Id*. at 52.

**B.      Direct appeal**

*1.      Ohio Court of Appeals*

Herron, *pro se*, filed a timely[19] notice of appeal[20] with the Ohio Court of Appeals. In

his brief, Herron, *pro se*,[21] raised the same two assignments of error as were previously set

forth by his prior appointed counsel in an *Anders* brief:

> **First Assignment of Error:** Whether the six year statute of limitations or the
> 20 year statute of limitations for rape offenses is applicable to this case.[22]

> **Second Assignment of Error:** Whether the trial court erred by denying
> appellant's motion to withdraw his guilty plea.[23]

The state filed a brief in response.[24] After the appeals court denied Herron's *pro se*

motion to file a supplemental brief,[25] the court addressed both the two assignments of error

asserted in the brief, as well as the following two additional assignments of error:

---

[19] Herron's conviction and sentence were journalized on April 2, 2008 (*id.* at 67) and the notice of appeal was filed on April 28, 2008. *Id*. at 68.

[20] *Id*. at 68.

[21] Herron was appointed counsel for his direct appeal, but after a review of the file, counsel filed an *Anders* brief and sought to withdraw from representation. *Id*. at 69-76. The appeals court granted counsel's motion to withdraw and gave Herron leave to file a *pro se* brief in support of his appeal. *Id*. at 89.

[22] *Id*. at 101.

[23] *Id*.

[24] *Id*. at 112-16.

[25] *Id*. at 117. No motion or proposed supplemental brief is included in the record as filed.

**Third Assignment of Error:** The indictment omitted a necessary element of the offence.[26]

**Fourth Assignment of Error:** The court erred by denying [Herron's] motion to dismiss for violation of his right to a speedy trial.[27]

The Ohio appeals court then overruled all four assignments of error and affirmed the decision of the trial court.[28]

## 2.    *The Supreme Court of Ohio*

Herron, *pro se*, thereupon filed a timely[29] notice of appeal with the Ohio Supreme Court.[30] In his brief in support of jurisdiction, he raised four propositions of law:

**Proposition of Law 1:** The trial court erred in denying defendant's timely oral pre-sentence motion to withdraw his guilty plea without a hearing.[31]

**Proposition of Law 2:** Defendant's due process rights were violated, in prosecution for robbery, where the indictment omitted the required mens rea of recklessness for the crime of robbery.[32]

---

[26] *Id*. at 120.

[27] *Id*.

[28] *Id*. at 125.

[29] The appellate court's decision was filed on May 10, 2009. *Id*. at 119. The notice of appeal from that decision was filed with the Supreme Court of Ohio on June 22, 2009. *Id*. at 126.

[30] ECF # 7, Attachment at 126.

[31] *Id*. at 129.

[32] *Id.*

**Proposition of Law 3:** The trial court erred by not allowing defendant-appellant his right to a fast and speedy trial.[33]

**Proposition of Law 4:** Ineffective assistance of counsel. The failure of defense counsel to fully advise the defendant of the nature of the plea and to advise of all possible defenses to the charges constitutes a violation of the defendant's right.[34]

The State waived its response.[35] On September 30, 2009, the Supreme Court of Ohio denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question.[36]

**C.    Motion to supplement the appellate record**

Nearly a month after both the direct appeal before the Ohio appeals court and the motion for leave to appeal to the Supreme Court of Ohio had been decided, Herron moved in the Ohio court of appeals to supplement the record in his case so as to add 17 pages of the transcript that Herron contended had been missing when the record was originally filed.[37] Without waiting for a response by the State, the appeals court denied the motion as moot, citing the fact that the appeal had already been closed with the decision of the Supreme Court of Ohio.[38] Herron did not appeal that decision to the Supreme Court of Ohio.

---

[33] *Id.*

[34] *Id.*

[35] *Id.* at 143.

[36] *Id.* at 144.

[37] *Id*. at 145-61.

[38] *Id*. at 162.

**D.     Petition for writ of habeas corpus**

On August 12, 2010, Herron, *pro se*, timely filed [39]a federal petition for habeas relief.[40] As noted above, he raises five grounds for relief:

Ground 1:     Denial of effective assistance of counsel under Sixth Amendment .[41]

Ground 2:     Fifth and Sixth Amendment. The trial court erred by not allowing the petitioner his rights to a fast and speedy trial.[42]

Ground 3:     Fourteenth Amendment. Petitioner was denied due process of law when the trial court rejected the petitioner['s] withdrawal of his guilty plea.[43]

Ground 4:     Fourteenth Amendment. The courts of appeal Eighth Appellate District denied petitioner due process of law when [the court denied] a motion for leave to supplement the record concerning pages of missing transcript that were not included in the record.[44]

---

[39] As noted, the Supreme Court of Ohio denied Herron leave to appeal on September 30, 2009. *Id.* at 144. The present petition for federal habeas relief was filed on August, 12, 2010. ECF # 1. As such, it was filed within one year of the conclusion of Herron's direct appeal in the Ohio courts and so is timely under 28 U.S.C. § 2254(d)(1).

[40] ECF # 1.

[41] *Id*. at 4.

[42] *Id.* at 5.

[43] *Id.* at 6.

[44] *Id.* at 7.

Ground 5:    Fourteenth Amendment. Petitioner's due process rights were violated, in his prosecution for robbery when the indictment omitted the required mens rea of recklessness for the crime of robbery.[45]

In its return of the writ,[46] the State writ argues initially that ground four – alleging error by the state court in not permitting Herron to supplement the record with missing pages of the transcript – is procedurally defaulted for not being raised to the Ohio Supreme Court and so should be dismissed.[47] The State further notes that although the state appeals court did not permit Herron to file a supplemental brief raising the issues that are now grounds two and five, that court nonetheless considered and ruled upon these claims, thus precluding any argument that these grounds were procedurally defaulted.[48] Finally, as to all grounds except ground four, the State maintains that these claims should be denied on the merits because the decision of the state appeals court was not contrary to or an unreasonable application of clearly established federal law.[49]

Herron filed a traverse disputing the state's assertions.[50]

---

[45] *Id.* at 8.

[46] ECF # 7.

[47] *Id*. at 13.

[48] *Id*. at 12.

[49] *Id*. at 16-21.

[50] ECF # 13.

## Analysis

**A.    Preliminary observations**

Before addressing the claims for relief, I make the following preliminary observations:

1.    There is no dispute that Herron is currently in state custody as a result of his conviction and was so incarcerated at the time he filed this petition for federal habeas relief. Thus, I recommend finding that Herron meets the "in custody" requirement of the federal statute vesting this court with jurisdiction over the petition.[51]

2.    As noted above, there is also no dispute on the facts related above that this petition has been timely filed under the applicable statutory standard.[52]

3.    In addition Herron asserts,[53] and my own review of the docket in this District confirms, that this petition is not a second or successive petition for federal habeas relief as to this conviction and sentence.[54]

4.    Finally, I note that Herron has not requested an evidentiary hearing[55] nor the appointment of counsel.[56]

---

[51] 28 U.S.C.§ 2254(a); *Ward v. Knoblock*, 738 F 2d. 134, 138 (6th Cir. 1984).

[52] 28 U.S.C.§ 2254(d)(1); *Bronaugh v Ohio*, 235 F 3d 280, 283-84 (6th Cir. 2000).

[53] *See*, ECF #1 at 10.

[54] 28 U.S.C.§ 2254(b); *In re Bowen*, 436 F. 3d 699, 704 (6th Cir. 2006).

[55] 28 U.S.C.§ 2254(e).

[56] 28 U.S.C.§ 2254(h); Rule 8 (c), Rules Governing 2254 Cases.

**B.** **Standards of review**

*1.* *AEDPA review*

Where a state court adjudicated the merits of a claim now asserted in a federal habeas petition, the controlling federal statute is plain that the federal habeas court may use that claim as a basis for granting the writ only if the state decision was either contrary to clearly established federal law as determined by the United States Supreme Court or was an unreasonable application of that law.[57]

In applying that statute, a federal habeas court is guided by the well-known teachings of *Williams v. Taylor*.[58] As stated by the United States Supreme Court in *Williams*, a decision is "contrary to" clearly established federal law if "the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts."[59] *Williams* further holds that a state court decision is an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."[60]

---

[57] 28 U.S.C. § 2254(d).

[58] *Williams v. Taylor*, 529 U.S. 362 (2000).

[59] *Id.* at 412. *Accord*, *Broom v. Mitchell*, 441 F.3d 392, 398 (6th Cir. 2006).

[60] *Williams*, 529 U.S. at 413; *Broom*, 441 F.3d at 398.

-11-

Moreover, a federal court may not find that a state court unreasonably applied clearly established federal law simply because the habeas court "concludes on its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly."[61] Rather, the state court holding may be disturbed only upon showing that it was "objectively unreasonable."[62]

The Supreme Court teaches that this "objectively unreasonable" standard is "difficult to meet,"[63] and "highly deferential" to the decision of the state court.[64] As the Supreme Court explained, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."[65] Or, stated differently, a writ will issue only upon a showing that the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."[66]

---

[61] *Williams*, 529 U.S. at 411.

[62] *Id*. at 409.

[63] *Harrington v. Richter*, __ U.S.__, 131 S. Ct. 770, 786 (2011).

[64] *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002).

[65] *Harrington*, 131 S. Ct. at 786.

[66] *Id.* at 786-87.

In addition, a state court may be found to have unreasonably applied clearly established federal law if it unreasonably extends or unreasonably fails to extend a clearly established federal legal principle to a new context.[67]

Finally, where a state court does not address the merits of a federal claim properly presented to it, "the deference due [a state court decision by the federal habeas court] under the AEDPA does not apply."[68] Then, the federal court is to review the claim *de novo*.[69]

But, as the Supreme Court emphasized in *Harrington v. Richter*, since a state court is not required to state its reasons or explain its conclusion when it adjudicates a federal claim in the merits, when a federal claim was presented to the state court and then denied without any statement of reasons or explanation for the decision, "it may be presumed that the state court adjudicated the [federal] claim on the merits in the absence of any indication or state-law procedural principles to the contrary."[70] In such circumstances, the decision of the state court would be entitled to deference from the federal habeas court.[71]

---

[67] *Williams*, 529 U.S. at 405-07. *Accord*, *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003).

[68] *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003).

[69] *Id.*

[70] *Harrington*, 131 S. Ct. at 784-85; *Brown v. Bobby*, 656 F.3d 325, 328-29 (6th Cir. 2011).

[71] *Brown*, 656 F.3d at 329.

-13-

2.    *Non-cognizable claim*

The federal habeas statute, by its own terms, restricts the writ to state prisoners who are in custody in violation of federal law.[72]  Accordingly, it is well-settled that, to the extent a petitioner claims that his custody is a violation of state law, the petitioner has failed to state a claim upon which federal habeas relief may be granted.[73]  In such circumstances, a claim for federal habeas relief based solely on the ground of purported violation of state law is properly dismissed by the federal habeas court as non-cognizable.[74]

However, a claimed error of state law may nevertheless serve as the basis for federal habeas relief if such error resulted in the petitioner being denied "fundamental fairness" at trial.[75]  The Supreme Court has made clear that it defines "very narrowly" the category of infractions that violate the "fundamental fairness"of a trial.[76]  Specifically, such violations are restricted to offenses against "'some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.'"[77]

---

[72] 28 U.S.C. § 2254(a).

[73] *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

[74] *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Bey v. Bagley*, 500 F.3d 514, 519 (6th Cir. 2007).

[75] *Estelle*, 502 U.S. at 67-68.

[76] *Bey*, 500 F.3d at 522, quoting *Dowling v. United States*, 493 U.S. 342, 352 (1990).

[77] *Id*. at 521, quoting *Montana v. Egelhoff*, 518 U.S. 37, 43 (1996).

The petitioner bears the burden of showing that a principle of fundamental fairness was violated.[78]  In so doing, the federal habeas court must follow the rulings of the state's highest court with respect to state law[79] and may not second-guess a state court's interpretation of its own procedural rules.[80] Further, while, in general, distinct constitutional claims of trial error may not be cumulated to grant habeas relief,[81] the Sixth Circuit has recognized that "'[e]rrors that might not be so prejudicial as to amount to a deprivation of due process when considered alone, may cumulatively produce a trial setting that is fundamentally unfair.'"[82]

### 3.      *Procedural default*

Under the doctrine of procedural default, the federal habeas court is precluded from reviewing a claim for relief if the petitioner failed to obtain consideration of that claim on its merits in state court, either because the petitioner failed to raise it when state remedies were still available or due to some other violation of a state procedural rule.[83]

---

[78] *Id.*

[79] *Wainwright v. Goode*, 464 U.S. 78, 84 (1983).

[80] *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988).

[81] *Williams v. Anderson*, 460 F.3d 789, 816 (6th Cir. 2006).

[82] *Gillard v. Mitchell*, 445 F.3d 883, 898 (6th Cir. 2006), quoting *Walker v. Engle*, 703 F.2d 959, 963 (6th Cir. 1983).

[83] *Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006).

When a violation of a state procedural rule is alleged as the basis for the default, the Sixth Circuit has long-employed a four-part test to determine if the claim is procedurally defaulted in a federal habeas proceeding:

(1)     Does a state procedural rule exist that applies to the petitioner's claim?

(2)     Did the petitioner fail to comply with that rule?

(3)     Did the state court rely on that failure as the basis for its refusal to address the merits of the petitioner's claim?

(4)     Is the state rule violated by the petitioner an adequate and independent state law basis for barring the federal court from considering the claim?[84]

In addition to establishing these elements, the state procedural rule must be shown to be (a) firmly established and (b) regularly followed before the federal habeas court will decline to review an allegedly procedurally defaulted claim.[85]

If a procedural default is established, the default may be overcome if: (1) the petitioner can show cause for the default and actual prejudice from the court's failure to address the alleged constitutional violation, or (2) that a lack of review of the claims merits will result in a fundamental miscarriage of justice.[86] In addition, procedural default may also be excused by a showing of actual innocence.[87]

---

[84] *Morales v. Mitchell*, 507 F.3d 916, 937 (6th Cir. 2007) (citation omitted).

[85] *Smith v. Ohio Dep't of Rehab. & Corrs.*, 463 F.3d 426, 431 (6th Cir. 2006) (citations omitted).

[86] *Hicks v. Straub*, 377 F.3d 538, 552-52 (6th Cir. 2004) (citations omitted).

[87] *Id.*

-16-

To establish "cause" for the default, a petitioner must generally show that some objective factor, something external to himself, precluded him from complying with the state procedural rule.[88] Demonstrating "prejudice" requires the petitioner to show that the alleged constitutional error worked to his actual and substantial disadvantage, infecting the entire proceeding with error of a constitutional dimension.[89] There can be no prejudice if the petitioner cannot show a reasonable probability of a different outcome at trial.[90]

Notwithstanding these elements, the Supreme Court has held that federal habeas courts are not required to consider an assertion of procedural default before deciding a claim against the petitioner on the merits.[91] In that regard, the Sixth Circuit has stated that a federal habeas court may bypass an issue of procedural default when that issue presents complicated questions of state law and addressing it is unnecessary to resolving the claim against the petitioner on the merits.[92]

---

[88] *Coleman v. Thompson*, 501 U.S. 722, 753 (1991).

[89] *United States v. Frady*, 456 U.S. 152, 170 (1982).

[90] *Mason v. Mitchell*, 320 F.3d 604, 629 (6th Cir. 2003).

[91] *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997).

[92] *Hudson v. Jones*, 351 F.3d 212, 215-16 (6th Cir. 2003).

**C.     Application of standards**

*1.     Ground four should be dismissed because the claim is non-cognizable and procedurally defaulted.*

Herron argues in his fourth ground for relief the Ohio appeals court erred in denying his motion to supplement the record.[93] Herron claims that 17 pages of transcript were missing from the record as originally filed with the appeals court and that had those missing pages been included in the record the outcome would have been different.[94] The state appeals court denied the motion because it was filed after the entire appeal had ended with the decision of the Supreme Court of Ohio to dismiss the appeal.[95]

As the State notes, this claim is non-cognizable because Herron has not shown why the absence of unspecified pages of the transcript from the appellate record involve any violation of the United States Constitution.[96] Further, because the motion was denied as moot in view of the fact that the underlying action had already been concluded, the State also argues that the issue must here be dismissed as procedurally defaulted.[97]

The State's arguments on both points are persuasive.

---

[93] ECF # 1 at 7.

[94] *Id*.

[95] ECF # 7, Attachment at 146.

[96] ECF # 7 at 12.

[97] *Id*. at 12-13.

-18-

First, while it is possible that a constitutional violation of the right to due process could conceivably be established under circumstances of a state appeals court ruling on an appeal where the trial court transcript is incomplete, such a federal constitutional claim requires that a habeas petitioner show prejudice resulting from the missing or incomplete transcript.[98] Confronted only by a claim that the state appellate record was incomplete, the federal habeas court may not speculate that the unidentified missing portions of the trial transcript reflect constitutional error.[99] Rather, the petitioner must produce "some modicum of evidence" to support the conclusion that he has been prejudiced by the incomplete appellate record.[100]

Herron has made no attempt to identify the exact portions of the transcript that were omitted from the record as initially filed nor has he attempted to demonstrate how he was prejudiced when the appeal was resolved without those pages. Thus, on the authority cited above, I recommend finding that he has not stated a cognizable claim for habeas relief.

That said, as State argues, Herron did not raise this issue of an incomplete record with the Ohio appeals court until after his case had been dismissed by the Ohio Supreme Court and the direct appeal concluded. As such, the state appeals court dismissed Herron's motion as moot.

---

[98] *Bransford v. Brown*, 806 F.2d 83, 86 (6th Cir. 1986); *McCray v. Barkey*, No. 03 CVI. 4821DABGWG, 2004 WL 32931, at *11 (S.D.N.Y. Jan. 7, 2004).

[99] *Gofrey v. Irvin*, 871 F. Supp. 577, 584 (W.D.N.Y. 1994).

[100] *Bransford*, 806 F.2d at 86.

-19-

The question of mootness is presented here in the context of a state procedural default. Specifically, the State argues that even if this Court were to conclude that Herron had established a due process right to have his appeal conducted with a complete transcript, he procedurally defaulted on that claim when he failed to appeal to the Ohio Supreme Court from the Ohio appellate decision that precluded him from supplementing the record on the grounds of mootness and has here failed to excuse that failure to appeal.[101]

Ohio's *res judicata* rule requires a litigant to assert a claim at the earliest opportunity or be precluded from raising it later.[102] That rule has been long recognized by federal habeas courts in Ohio as being an adequate and independent state law ground for enforcing a procedural default.[103] By not appealing the decision of the Ohio appeals court, Herron precluded the Ohio Supreme Court from considering this claim and may not now raise it in that court, thus procedurally defaulting the claim. Further, he has not sought excuse that default through a cause and prejudice analysis or by a showing of actual innocence.

Accordingly, I recommend that ground four be dismissed as stating a non-cognizable claim or, alternatively, be dismissed by virtue of a non-excused procedural default.

---

[101] ECF # 7 at 12.

[102] *State v. Perry*, 10 Ohio St. 2d 175, 180, 226 N.E.2d 104, 108 (1967).

[103] *Monzo v. Edwards*, 281 F.3d 568, 577 (6th Cir. 2002).

**2.      *Ground one – ineffective assistance of trial counsel – should be denied on the merits after AEDPA review.***

In this ground, Herron argues in this petition that his trial counsel erred by "fail[ing] to develop any reasonable trial strategy" and by "commit[ting] numerous errors and omissions."[104] This claim was not raised to the Ohio appeals court, but was asserted as the fourth proposition of law to the Supreme Court of Ohio.[105]

Herron pled guilty at trial. In the context of a guilty plea, a petitioner raising ineffective assistance of trial counsel must show, in the prejudice prong of the *Strickland* analysis, that "there is a reasonable possibility that, but for counsel's errors, he would not have pleaded guilty but would have insisted on going to trial."[106]

Consistent with Ohio's *res judicata* rule, that Herron did not raise a separate claim of ineffective assistance of trial counsel at his first opportunity to do so – either in a post-conviction motion to the trial court or in the direct appeal – and so such a claim would usually be considered procedurally defaulted. But, as the State points out, there is no procedural default in this case because the state appeals court dealt with alleged ineffective performance of trial counsel in the context of Herron's claim that his guilt plea was not valid.[107]

---

[104] ECF # 1 at 4.

[105] ECF # 7, Attachment at 129.

[106] *Hill v. Lockhart*, 474 U.S. 52, 54 (1985).

[107] ECF # 7 at 16 n.2.

Specifically, the Ohio appellate court briefly discussed the actions of Herron's trial attorney within the context of a statute-of-limitations argument Herron apparently wanted to assert at trial. The appeals court observed that although the rape itself occurred more than six years before Herron was arrested, and that the statute of limitations for rape was six years at the time the crime was committed, the statute had been expanded to 20 years prior to the date Herron was arrested and that expanded limitations period was made retroactive.[108] The appeals court thus found that trial counsel had not performed deficiently, and the plea was knowing since Herron's trial counsel had "discussed the statute of limitations matter with Herron prior to the guilty plea, explaining to Herron that the limitations period had not expired."[109]

So, with the understanding that any claim of ineffective assistance of trial counsel in the circumstances of a guilty plea must relate to how counsel's performance effected the knowing and voluntary nature of the plea, and mindful of the analysis of the appeals court that trial counsel correctly advised Herron that he had no meritorious argument concerning the expiration of the statute of limitations, Herron's only cognizable claim of ineffective assistance of counsel was adjudicated against him by the state appeals court, subsequently raised to the Ohio Supreme Court and so is properly before this Court.

The decision of the Ohio appeals court was not an unreasonable application of the clearly established federal law of *Strickland.* The state court concluded that counsel made no

---

[108] ECF # 7, Attachment at 121-22.

[109] *Id.* at 120.

error by advising Herron that there was no statute-of-limitations defense available to him.
Thus, there is no deficient performance under the first prong of *Strickland*. The absence of
any constitutionally defective performance then precludes any showing under the prejudice
element of *Strickland* that any deficient performance led to Herron unknowingly entering his
guilty plea.

Accordingly, and for the reasons stated, I recommend denying ground one on the
merits.

**3.     Ground two – speedy trial – should be denied because the state court decision
        denying this claim was neither contrary to, nor an unreasonable application of,
        clearly established federal law.**

Herron argues in his second ground for relief that the court neglected his right to a fast
and speedy trial by neglecting the guidelines set forth on Ohio Revised Code § 2945.72.[110]

Once again, before proceeding to address this claim, some preliminary observations
are required. First, a guilty plea waives the right to later claim violations of the right to a
speedy trial.[111] Further, an alleged violation of a state speedy trial law is not remediable
through a federal habeas corpus petition.[112] To the extent that a federal habeas petition relies
solely on a violation of the Ohio speedy-trial statutes, it does not state a cognizable claim for

---

[110] ECF # 1 at 5.

[111] *Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003) (citations omitted).

[112] *Norris v. Schotten*, 146 F.3d 314, 328 (6th Cir. 1998) (citation omitted).

relief.[113] Moreover, federal habeas courts must be mindful that "the statutory right to a speedy trial provided under Ohio law is not necessarily the same as the constitutional right to a speedy trial under the Sixth Amendment."[114]

That said, the record here is unclear as to whether Herron raised the speedy trial argument to the Ohio appeals court as a state law claim or an alleged Constitutional violation. This claim was not asserted by appointed counsel in his *Anders* brief, but apparently was raised in a *pro se* supplemental brief that the appellate court did not permit to be filed, and so it is not included in the record. Nonetheless, as also noted, the appeals court apparently decided to address claims from the brief that was not filed, and the court did so by reference to brief, paraphrased statements of the grounds. Thus, while this Court can know conclusively that the state appeals court did address a claim asserting a violation of the right to a speedy trial, it cannot know the exact wording or legal foundation of that claim.

Such a lacunae in the record, however, is not fatal to now adjudicating this claim. The state court denied the claim by noting that Herron had executed two valid waivers of his speedy trial rights, and that he entered his plea within the time allowed by the last waiver.[115] Thus, regardless of whether the claim was predicated on state or federal law, the denial was grounded on a determination that whatever right existed, it had been validly waived. Further,

---

[113] *Id.*; *Kelly v. Wilson*, No. 1:07 CV 2856, 2009 WL 185947, at *10 (N.D. Ohio Jan. 26, 2009) (citations omitted).

[114] *Kelly*, 2009 WL 185947, at *10 (citation omitted).

[115] ECF # 7, Attachment at 124.

-24-

a review of that final waiver itself discloses that it contains language specifying that the waiver was for all speedy trial rights conferred by both the Ohio statute and the Constitution.[116]

Accordingly, because the waiver specified it encompassed rights arising from the United States Constitution and because the speedy trial claim, however worded, was denied by the Ohio appeals court on the basis that Herron's "right to a speedy trial" had been waived by that instrument, under the rubric recently set out by the Supreme Court in *Harrington*, this Court should presume that the Ohio appeals court adjudicated Herron's claim under federal law and that the state court decision should here be entitled to AEDPA deference.[117]

As the Supreme Court has stated, that the right to a speedy trial, like other "rights which the Constitution guarantees to a criminal defendant in order to preserve a fair trial," may be waived.[118] To be valid, a waiver of the right to a speedy trial "must meet the strict

---

[116] *Id.* at 33.

[117] *See*, *Werth v. Bell*, No. 10-2183, __ F.3d __, 2012 WL 3667226, at *6 (6th Cir. Aug. 28, 2012); *Brown v. Bobby*, 656 F.3d 325, 329 (6th Cir. 2011). If state court is presented with a federal claim and denies it, even though the court has not provided any reasoning or explanation for the decision, it will be presumed that the state court adjudicated the federal claim on the merits and that such decision is entitled to AEDPA deference. This is true where the principles invoked by the court are valid under both state and federal laws.

[118] *Schneckloth v. Bustamonte*, 412 U.S. 218, 237 (1973) (citation omitted); *see also*, *State v. O'Brien*, 34 Ohio St. 3d 7, 8, 516 N.E.2d 218, 220 (1987) (citing *Barker v. Wingo*, 407 U.S. 514, 529 (1972) (holding that Ohio's statutory speedy trial right may be co-extensively waived in writing along with the federal Constitutional right if the waiver is knowing and intelligent)).

standard of [being] an intentional relinquishment of a 'known' right."[119] The state, as the party asserting the validity of the waiver, has the burden of establishing that the purported waiver was the intentional relinquishment of a known right.[120]

Here, the waiver document[121] executed by Herron states that he is aware that he has a right under the Constitution, the laws of the United States, and Ohio law to a speedy trial.[122] Herron, whose signature appears at the bottom, further states that he waives that right in open court and consents to a continuance to a specific date.[123] The waiver document further contains a signed statement from Herron's attorney attesting that he has explained the speedy trial right to Herron, that Herron understands the right and the consequences of waiving that right, and that Herron's waiver "is knowing, voluntary and intelligently made."[124] As has been previously determined by federal habeas courts in Ohio, such a written waiver signed by the petitioner, together with uncontradicted evidence that counsel had explained the

---

[119] *Id.* at 238 (citation omitted).

[120] *Id.* at 236-37 (citation omitted).

[121] As noted earlier, although the appeals court found that Herron executed two waivers of his right to a speedy trial, the record supplied by the State contains only the last waiver. ECF # 7, Attachment at 33. In place of the first waiver, the record inadvertently contains a speedy trial waiver executed on the same date but by a different defendant ("Floyd Patterson") in another case. *See*, *id.* at 6. Because only the second waiver executed by Herron is part of the record before this Court, only that document is reviewed.

[122] ECF # 7, Attachment at 33.

[123] *Id.*

[124] *Id.*

-26-

waived right to the petitioner, is evidence that the waiver of the right to a speedy trial was knowing, willing, and voluntary, and thus valid.[125]

Accordingly, for the reasons stated, I recommend that ground two be denied on the merits since the decision of the state appeals court denying this claim was not an unreasonable application of clearly established federal law concerning valid waiver of the right to a speedy trial.

**4.    *Ground three – withdrawal of the guilty plea – should be denied because the state court's decision in this regard was neither contrary to, nor an unreasonable application of, clearly established federal law.***

Herron argues in his third ground for relief that the court erred by denying his pre-sentence motion to withdraw his guilty plea.[126] The state appeals court "summarily overrule[d]" this assignment of error because, apart from the rejected assertion concerning the applicable statute of limitations, the court noted that Herron had failed to articulate any valid reason for withdrawing his plea.[127] As the Ohio appeals court noted, in denying Herron's motion to withdraw his plea, the trial court relied on Ohio case authority that was based on United States Supreme Court holdings to find that a defendant's mere desire to

---

[125] *See*, *Fitzpatrick v. Bradshaw*, No. 1:06-CV-356, 2008 WL 7055605, at *23 (S.D. Ohio Oct. 14, 2008).

[126] *See*, ECF # 7, Attachment at 122.

[127] *Id.*

-27-

change his mind and take his case to trial does not state a valid reason for permitting the withdrawal of a guilty plea.[128]

Generally a defendant may not withdraw a guilty plea after sentence has been imposed except upon showing that the plea was invalid.[129] In that regard, mere second thoughts or "buyer's remorse" do not state a valid basis for withdrawing an otherwise voluntary, intelligent, and non-coerced plea.[130] A habeas petitioner bears the burden of establishing his right to such relief and of proving all facts necessary to show a constitutional violation.[131]

In this case, as found by the state appeals court, Herron based his desire to withdraw his plea exclusively on his change of heart subsequent to entering the plea and not on any assertion of invalidity. Herron has provided no basis for concluding that the decision of the state court to affirm the denial of the motion to withdraw violated any clearly established federal law. Indeed, as noted above, such law provides that courts will permit withdrawal of guilty pleas only on the grounds that they were not voluntarily or knowingly made.

---

[128] *Id.* at 122-23. As the State observes in its return of the writ, the case relied on by the state appeals court, "*State v. Peterseim*, (1980), 68 Ohio App. 2d 211, 428 N.E.2d 863 relie[s] on *Barker v. United States*, 781 F.2d 85 (6th Cir. 1986), which in turn relies on *Tollett v. Henderson*, [411 U.S. 258 (1973)] and *Brady v. United States* [397 U.S. 742 (1970)]." ECF # 7 at 19.

[129] *See*, *Werth*, 2012 WL 3667226, at *8 (citation omitted). "[A]fter the entry of an unconditional guilty plea, the defendant may challenge only the court's jurisdiction and the voluntary and intelligent character of the plea itself."

[130] *See*, *Sanchez v. Giurbino*, No. CV 06-7510-VAP, 2010 WL 2985845, at **5, 8 (C.D. Cal. June 28, 2010).

[131] *Caver v. Straub*, 349 F.3d 340, 351 (6th Cir. 2003) (citations omitted).

As such, I recommend finding that the decision of the Ohio appeals court to deny this assignment of error on the grounds stated was not an unreasonable application of clearly established federal law.

**5.      *Ground five – a deficient indictment – should be denied because the state court's adjudication of this claim was neither contrary to, nor an unreasonable application of, clearly established federal law.***

Herron argues in his fifth ground for relief that the court erred where the indictment omitted the required mens rea of recklessness in the offense of aggravated robbery.[132] The state appeals court rejected this assignment of error because, as it stated, the Ohio Supreme Court holds that it is not necessary to allege a culpable mental state for a strict liability crime such as aggravated robbery.[133]

First, there is no specific federal constitutional right to an indictment.[134] Rather, whatever charging method the state employs, the clearly established federal law of due process requires that such method: "(1) contain[] the elements of the charged offense, (2) give[] the defendant adequate notice of the charges, and (3) protect[] the defendant against

---

[132] ECF # 13.

[133] ECF # 7, Attachment at 123-24.

[134] *See*, *Keith v. Kurus*, No. 3:08 CV 1501, 2009 WL 2948522, at *21 (N.D. Ohio Sept. 11, 2009).

double jeopardy."[135] Moreover, the law is clear that "[b]eyond notice, a claimed deficiency in a state criminal indictment is not cognizable on federal collateral review."[136]

Here, the Ohio appeals court, relying on a holding of the Ohio Supreme Court, determined that no allegation of mens rea was required in Herron's indictment for aggravated robbery because there was strict liability under the statute once it was established that a deadly weapon was on or about the defendant's person or under his control during the commission of the crime.[137] Such decisions by Ohio's highest court concerning the elements required to be alleged under Ohio statutes are binding on the federal habeas court.[138]

Therefore, for the reasons stated above, I recommend denying ground five on the merits since the decision of the Ohio appeals court was not contrary to nor an unreasonable application of the clearly established federal law of due process.

---

[135] *Joseph v. Coyle*, 469 F.3d 441, 463 (6th Cir. 2006) (quoting *Valentine v. Konteh*, 395 F.3d 626, 631 (6th Cir.2005)); *and see Cole v. Arkansas*, 333 U.S. 196, 201 (1948).

[136] *Roe v. Baker*, 316 F.3d 557, 570 (6th Cir.2002) (citing *Mira v. Marshall*, 806 F.2d 636, 639 (6th Cir.1986)).

[137] ECF # 7, Attachment at 123-24.

[138] *See*, *Wainwright*, 464 U.S. at 84; *Bey*, 500 F.3d at 519.

## Conclusion

For the foregoing reasons, I recommend that the petition of Charles Herron for a writ of habeas corpus be denied in part and dismissed in part as is more fully set forth above.

Dated:  December 3, 2012                    s/ William H. Baughman, Jr.
                                            United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[139]

---

[139] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).