# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

CHARLES HERRON,                )        CASE NO.  1:10CV1783
                               )
                PETITIONER,    )        JUDGE SARA LIOI
                               )
vs.                            )
                               )        MEMORANDUM OPINION
                               )
                               )
BENNIE KELLY, Warden,          )
                               )
                RESPONDENT.    )

On July 22, 2009, petitioner Charles Herron ("petitioner" or "Herron") filed with this Court a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) The petition was referred to United States Magistrate Judge William H. Baughman, Jr. for the preparation of a Report and Recommendation. The report recommends that this Court deny in part and dismiss in part petitioner's application for habeas relief.[1] (Doc. No. 14.) Petitioner has filed objections to this report. (Doc. No. 16.) Following the submission of objections, the Court instructed respondent Bennie Kelly ("respondent") to supplement the record. (Doc. Nos. 17, 19.) On June 12 and 13, 2013, respondent filed the requested documents. (Doc. Nos. 18, 20.) The matter is now ready for final disposition.

## I.      BACKGROUND

In September 2007, petitioner was indicted by an Ohio grand jury on one count of rape, with a sexually violent predator specification; one count of kidnapping,

with a sexual motivation specification; and two counts of aggravated robbery. (Doc. No. 7-1, Indictment at 52-55.) The charges against petitioner stemmed from a 1996 rape and robbery of a volunteer youth minister at the City Mission in Cleveland, Ohio. State officials sought the indictment against petitioner—eleven years after the incident—after a sample of his DNA was entered into a state database and it matched the DNA taken from the victim's rape kit.

Petitioner initially entered a counseled plea of "not guilty" to the charges in the indictment. On October 31, 2007, petitioner filed a counseled motion to dismiss the indictment on speedy trial grounds, citing the eleven-year pre-indictment delay. (Doc. No. 7-1, First Motion to Dismiss beginning at 58.) On December 20, 2007, petitioner executed a counseled waiver of his rights "under the Constitution and laws of the United States and the state of Ohio to a speedy trial" through March 31, 2008.[2] (Doc. No. 7-1 at 84.) On December 27, 2007, petitioner filed a *pro se* demand for a speedy trial under Ohio's speedy trial statute, Ohio Rev. Code § 2945.71 (Doc. No. 7-1, Demand at 85), and a *pro se* motion to dismiss the charges, arguing that his counsel conspired with the prosecutor to coerce him into signing the speedy trial waiver. (Doc. No. 7-1, Second Motion to Dismiss beginning at 86.)

On March 10, petitioner withdrew his previous not guilty plea, and entered a counseled plea of "guilty" to one count of rape, without the sexually violent predator

---

[1] The report recommends an outcome that would dispose of the entire petition.

[2] There appears to be a dispute as to whether petitioner executed an earlier speedy trial waiver on October 1, 2007. While the trial court docket reflects, and the state appellate court found, that petitioner executed two speedy trial waivers, respondent was unable to locate October 1, 2007 waiver among the state court documents. (*See* Doc. No. 18 at 341.) Because the Court does not rely on the waivers for its analysis of petitioner's speedy trial claim, the discrepancy is of no consequence.

specification, in violation of Ohio Rev. Code § 2907.02(A)(2), and one count of aggravated robbery, in violation of Ohio Rev. Code § 2911.01(A)(1). (Doc. No. 7-1, Journal Entry at 92, Plea Hearing beginning at 215.) As part of the plea agreement, the remaining charges were dismissed. Prior to sentencing, petitioner filed a *pro se* motion to dismiss for failure to bring him to trial within the time frame set forth in Ohio Rev. Code § 2901.13, and to withdraw his guilty plea. (Doc. No. 7-1, Motion beginning at 93.) Following a hearing, the motion was denied. (Doc. No. 7-2, Transcript at 233-236.) On March 31, 2008, petitioner was sentenced to 9 years on the rape charge and 6 years on the robbery charge, to run consecutively, for an aggregate term of 15 years imprisonment. (*Id.*, Judgment of Sentence at 103.)

Petitioner appealed his conviction to the Ohio Court of Appeals, Eighth District. Appellate counsel filed a motion to withdraw, in which he represented that his review of the record led to the conclusion that there were no legally non-frivolous issues present in the appeal. Counsel accompanied his motion with a brief prepared in compliance with *Anders v. California*, 386 U.S. 738 (1967), wherein counsel identified two issues that could arguably support an appeal: (1) whether the relevant statute of limitations barred the rape charge in the indictment; and (2) whether the trial court erred in denying Herron's motion to withdraw his guilty plea. (Doc. No. 7-1, *Anders* Appellate Brief beginning at 120.)

Following appellate counsel's withdrawal from the case, petitioner was permitted to file a *pro se* appellate brief raising the two assignments of error identified in the *Anders* brief. He was subsequently permitted to raise two additional claimed errors:

3

(1) that the indictment omitted a necessary element of the offense; and (2) that the trial court erred in denying his motion to dismiss on speedy trial grounds. The state appellate court affirmed petitioner's conviction and sentence, finding the assignments of error to be without merit. *Ohio v. Herron*, No. 91362, 2009 WL 1244161 (Ohio Ct. App. 8th Dist. May 7, 2009).

Petitioner timely appealed *pro se* to the Ohio Supreme Court, raising the same four issues. On September 30, 2009, the Ohio Supreme denied leave to appeal, finding no substantial constitutional questions. Approximately three weeks after the Ohio Supreme Court's ruling (October 21, 2009), petitioner moved the court of appeals to supplement the record, alleging that 17 pages of the transcript from his trial were missing. The appellate court denied the motion as moot, noting that the Ohio Supreme Court had already declined to consider Herron's appeal.

Herron now petitions this Court for a writ of habeas corpus to remedy five alleged constitutional violations. (Doc. No. 1.) Specifically, petitioner alleges that: (1) he was denied the effective assistance of trial counsel; (2) he was denied the right to a speedy trial; (3) he was denied due process when the trial court refused to permit him to withdraw his guilty plea; (4) he was denied due process when he was not permitted to supplement the record with missing transcript pages; and (5) the indictment was fatally defective because it failed set forth the required *mens rea* for aggravated robbery.[3]

---

[3] In his habeas petition, Herron references a conviction for robbery. The record clearly establishes, however, that Herron was charged with and convicted of aggravated robbery, in violation of Ohio Rev. Code § 2911.01(A)(1) and (3). (*See* Doc. No. 7-1, Indictment at 54-55, Journal Entry at 92, Journal Entry at 103.)

In his report, the magistrate judge recommended that this Court deny the first, second, third and fifth assignments of error on the merits, and dismiss the fourth assignment as procedurally defaulted and not stating a cognizable claim.

## II.    STANDARD OF REVIEW

Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Court provides, "[t]he judge must determine de novo any proposed finding or recommendation to which objection is made. The judge may accept, reject, or modify any proposed finding or recommendation."

With respect to challenges to the determinations made by the state courts in petitioner's case, this Court has a very limited scope of review. In § 2254(d) of the Antiterrorism and Effective Death Penalty Act of 1996, Congress enacted a rebuttable presumption that a federal court may not grant habeas relief from a state court conviction if the last state court adjudicated "on the merits" the same federal law question that is presented to the federal court. Congress further created two exceptions to that bar. Specifically, a federal court may grant habeas relief where the state court adjudication is either "contrary to" or "involved an unreasonable application of" settled federal law, as decided by the United States Supreme Court. 28 U.S.C. § 2254(d)(1). Habeas relief is also available where the adjudication of the claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." § 2254(d)(2).

A state court's legal decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme]

Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). Moreover, a state court's legal determination will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.*

"A federal court, however, may not find a state adjudication to be unreasonable 'simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather that application must also be unreasonable.'" *King v. Bobby*, 433 F.3d 483, 489-90 (6th Cir. 2006) (quoting *Williams*, 529 F.3d at 411). In making this inquiry, a federal court must "presume that a factual determination by a state court is correct unless convincing contrary evidence exists." *Id.* at 90 (citations omitted). As to the second prong of § 2254(d), "it is not enough for the petitioner to show some unreasonable determination of fact; rather, the petitioner must show that the resulting state court decision was 'based on' that unreasonable determination." *Rice v. White*, 660 F.3d 242, 250 (6th Cir. 2011) (quoting § 2254(d)(2)).

### III.   ANALYSIS

It is well settled that, under 28 U.S.C. § 2254, a petition for a writ of habeas corpus "shall specify all the grounds for relief which are available to the petitioner and of which he has or by the exercise of reasonable diligence should have knowledge." *Franklin v. Rose*, 765 F.2d 82, 84 (6th Cir. 1985) (quoting 28 U.S.C. § 2254, Rule 2(c)).

"It is equally well settled that 'however inartfully pleaded,' allegations in a pro se complaint are held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Id.* at 84 (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). "The allegations of a pro se habeas petition, 'though vague and conclusory, are entitled to a liberal construction.'" *Id*. at 85 (quoting *Burris v. United States*, 430 F.2d 399, 403 (7th Cir. 1970)). Even applying a liberal interpretation to the petition and petitioner's objections to the report—which are, admittedly, vague and confusing—the Court finds that petitioner is not entitled to habeas relief.

A.      *Petitioner's Speedy Trial Rights*

The Court begins with petitioner's second ground for relief, wherein he alleges he was deprived "his rights to a fast and speedy trial." (Petition at 5.) Petitioner takes issue with the magistrate judge's determination that it is unclear whether he raised the question of speedy trial in the context of a state statutory claim or a federal constitutional claim. (Doc. No. 16 at 335.) However, the magistrate judge correctly observed that, notwithstanding Herron's guilty plea and his failure to otherwise raise these claims, the state appellate court chose to reach the merits of these claims. The magistrate judge, in turn, did not treat this assignment of error as procedurally barred, and considered this issue to be properly raised in the present petition. As the beneficiary of this decision, petitioner cannot demonstrate unfair prejudice. This objection is overruled.

In the end, it does not matter whether petitioner alleged federal constitutional or state statutory rights to a speedy trial in the state court because petitioner has raised only state statutory speedy trial rights in this Court. In his petition, Herron

makes reference to a journal entry that he believes demonstrates that his counsel had an agreement with the prosecutor that his "speedy trial time will expire **December 12, 2007**." (Doc. No. 1 at 5 [bolding in original].) Even though this alleged "agreement" is central to petitioner's arguments relating to all but one of the grounds for relief found in his federal petition, neither respondent nor the magistrate judge address it. Therefore, the Court will touch upon petitioner's factual allegations relating to this "agreement."

As previously mentioned, on October 12, 2007, the state trial court filed a journal entry noting that counsel were in agreement that petitioner's "speedy trial time" expired December 12, 2007. (Doc. No. 20-1 at 581.)[4] On December 20, 2007, petitioner waived his speedy trial rights through March 31, 2008. Because the waiver was filed six days after December 12, 2007, petitioner argues that the trial court violated his speedy trial rights by disregarding the "agreement" entered into on October 12, 2007 and unfairly extending the trial date beyond December 12, 2007.

It is clear from the trial court's October 12, 2007 journal entry that the purpose of the entry was to memorialize the calculation of the time in which the state could bring petitioner to trial under Ohio statutory law, barring lawful extensions of the statutory period. Under Ohio Revised Code § 2945.71, an individual charged with a felony under state law, "[s]hall be brought to trial within two hundred seventy days after the person's arrest." Ohio Rev. Code § 2945.71(C)(2). For purposes of calculating an

---

[4] The Journal Entry provides: "INITIAL PRE-TRIAL CONDUCTED. COUNSEL FOR THE STATE AND FOR THE DEFENDANT AGREED THAT DEFENDANT'S SPEEDY TRIALTIME WILL EXPIRE ON DECEMBER 12, 2007. PRETRIAL CONTINUED TO 10/25/2007 AT 9:00 AM AT THE REQUEST OF DEFENDANT. TRIAL SET FOR 12/10/2007 AT 8:30 AM. STATE TO RESPOND IN WRITING TO ALL WRITTEN DISCOVERY REQUESTS WITHIN 10 DAYS OF RECEIVING SAID RQUESTS." (capital lettering in original).

individual's statutory right to a speedy trial, "each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days." § 2945.71(E). Defendant was arrested on September 13, 2007, and remained in custody until he was sentenced. Absent any tolling of the statute for permissible reasons, such as the filing of motions, the state had 90 days (or until December 12, 2007) to bring petitioner to trial on the underlying state charges. This acknowledgement of the calculation under the state statute did not serve to modify or limit any waivers he may have executed, nor did it prohibit tolling of the statute for any permissible reasons.

This very issue was raised by petitioner, and addressed by the trial court, in a status hearing that was held on January 10, 2008. In response to a letter petitioner wrote to the trial court questioning whether the state had failed to bring him to trial in a timely fashion,[5] the trial court engaged petitioner in a colloquy designed to better understand petitioner's speedy trial complaint. When petitioner referenced the October 12, 2007 journal entry, the trial court explained that at the beginning of every criminal case, the court calculates the amount of time under the state statute that the state has to bring a defendant to trial. He further explained that it was his practice to ask counsel whether they agreed with the court's calculation, and that it is this agreement that is referenced on the docket. (Doc. No. 13-3 at 280.) The trial court then explained to petitioner that occurrences during the prosecution of a case may serve to toll the period of time. With regard to petitioner's case, the trial court noted that petitioner's request for additional discovery, his motion for a bill of particulars, and his request for independent

---

[5] It does not appear that the letter in question, which petitioner also references in his first ground for relief,

DNA analysis all served to extend the period of time in which the state could bring petitioner to trial. (*Id*. at 280-83.) At the conclusion of the colloquy, the trial court granted petitioner's requests to withdraw his motion for independent DNA testing and his December 20, 2007 waiver of his speedy trial rights, assigned him new appointed counsel at his insistence, and scheduled the matter for trial.

Because petitioner's second ground for relief is premised on his interpretation of his state statutory rights, it fails to raise a cognizable claim for federal habeas relief.[6] *See Norris v. Schotten*, 146 F.3d 314, 328 (6th Cir. 1998) (citing, among authorities, *Estell v. McGuire*, 502 U.S. 62, 68 (1991)). "It is especially inappropriate for a federal habeas court to set aside a state court's ruling on an issue of state law where, as in the present situation, Ohio's appellate courts on direct appeal have already found appellant's claim of a violation of his statutory right to a speedy trial to be meritless."[7] *Id*.; *see State of Ohio v. Herron*, 2009 WL 1244161, at *3 (rejecting Herron's statutory speedy trial claim, noting that Herron had waived his speedy trial rights through March

_____

was made a part of the record before the trial court.

[6] In his application, petitioner makes clear that his entitlement to relief is based upon the actions of the prosecutor and his counsel in allegedly conspiring to disregard the alleged "agreement" under state law. (Doc. No. 1 at 5.) His intent is further seen in his reply, where petitioner underscores the fact that "[t]he Ohio Supreme Court has **repeatedly** held that the requirements of R.C. 2945.71 and 2945.73 are mandatory and must be **strictly** followed by the state." (Doc. No. 13 at 270 [citations omitted and emphasis in original].)

[7] While the magistrate judge suggested that it was unclear whether petitioner raised a federal constitutional or state statutory speedy trial challenge in the state courts, it appears from the appellate court's ruling that petitioner's claim was limited to state statutory concerns. In rejecting the claim, the Eighth District Court of Appeals specifically observed that petitioner's guilty plea took place within the waiver time, and, therefore, "within the applicable speedy trial time." *Herron*, 2009 WL 1244161, at *3. Because the question of whether a defendant has been deprived his constitutional right to a speedy trial involves a balancing of several factors, and no such balancing was performed, the state appellate court did not treat the claim as arising under the U.S. Constitution, and instead found that petitioner's guilty plea took place "within the applicable speedy trial time" set forth in the state statute. *See Barker v. Wingo*, 407 U.S. 514, 530-32 (1972) (setting forth the balancing factors for a federal constitutional speedy trial claim).

31, 2008, and had pleaded guilty on March 10, 2008, "so he entered his guilty plea *within the applicable speedy trial time*") (emphasis added).

Nevertheless, the Court is required to afford Herron's *pro se* petition a liberal interpretation, and, as such, the Court will indulge the possibility that petitioner intended to raise a constitutional speedy trial challenge. Assuming that was petitioner's intent, and further assuming that the claim was not otherwise barred, the claim would still fail because an unconditional guilty plea constitutes a waiver of all pre-plea non-jurisdictional constitutional deprivations, *see Tollett v. Henderson*, 411 U.S. 258, 267 (1973), including speedy trial violations. *See Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003). On March 10, 2008, petitioner entered an unconditional plea of guilty to one count of rape and one count of aggravated robbery. In exchange for his plea, the state removed the sexual predator specification, and dismissed the remaining charges. In so pleading, petitioner waived this claim.

Of course, even if the Court were to consider this claim on the merits, petitioner would not be entitled to habeas relief. The Sixth Amendment provides a fundamental right to a speedy trial that serves to: (1) prevent undue and oppressive incarceration prior to trial; (2) minimize "anxiety and concern accompanying public accusation;" and (3) limit the possibility that a long delay will impair the ability of an accused to present a defense. *See Klopfer v. North Carolina*, 386 U.S. 213, 222-24 (1967) (constitutional right to speedy trial imposed on states by Due Process Clause). To determine whether a defendant has been deprived of the constitutional right to a speedy trial, courts consider the following factors: (1) length of the delay; (2) reason for the

11

delay; (3) whether, when and how the defendant asserted the speedy trial right; and (4) whether the defendant was prejudiced by the delay. *Barker v. Wingo*, 407 U.S. 514, 530-32 (1972). Petitioner has pointed to no evidence that would support a finding in his favor.

While delays approaching one year are presumptively prejudicial, delays of less than one year do not generally trigger the consideration of the remaining *Barker* factors. *See Doggett v. United States*, 505 U.S. 647, 651-52 (1992); *United States v. Robinson*, 455 F.3d 602, 607 (6th Cir. 2006); *compare United States v. Bass*, 460 F.3d 830, 836 (6th Cir. 2006) (13-month delay between indictment and trial on charges of conspiracy to distribute cocaine was presumptively prejudicial; thus, triggering an inquiry into the remaining *Barker* factors); *with United States v. Gardner*, 488 F.3d 700, 719 (6th Cir. 2007) (9-month delay not presumptively prejudicial; court need not consider other *Barker* factors). The delay between petitioner's arrest (on September 13, 2007), and the entry of his guilty plea (on March 10, 2008) was six months. Because such a delay is not presumptively prejudicial, the Court need not consider the remaining *Barker* factors and may conclude that petitioner's constitutional right to a speedy trial was not violated.[8]

---

[8] Even if the Court considered the remaining *Barker* factors, it would still arrive at the conclusion that any constitutional claim must fail. There is no evidence that the delay involved the state's deliberate attempt to hamper the defense. Rather, as the trial court explained, and the state court record reflects, most—if not all—of the delays were the result of petitioner's motions, his requests for additional discovery and independent DNA analysis, his counsel's scheduling conflicts, and his request for new counsel. (*See* Doc. No. 7-1 at 91, 111-119; Doc. No. 13-3 at 280-83.) The record further reflects that once petitioner asked the trial court to withdraw his waiver and his request for independent DNA analysis, the matter was set for trial. (*See* Doc. No. 7-1 at 114-15.) The fact that the delays were the result of petitioner's actions weighs against petitioner's claim. *See United States v. Zabawa*, No. 11-1519, 2013 WL 2372281, at *7 (6th Cir. June 3, 2013) (recommended for full text publication) (the fact that defendant was responsible for at least 48 of the 70-month delay weighs against defendant); *United States v. Brown*, 498 F.3d 523, 531 (6th Cir. 2007) (10-month delay due to defendant's request for new counsel did not weigh against the government); *United States v. Drake*, 543 F.3d 1080, 1085-86 (9th Cir. 2008) (2-year delay due to defendant's pretrial motions not weighted against the government). As for the final two factors—the assertion of his rights and prejudice—petitioner did attempt to assert his speedy trial rights, but only in the context of what he believed was an "agreement" by counsel to shorten the statutory speedy trial period, and any prejudice he

Petitioner's objections to the recommendation in the report that the second ground for relief be dismissed are overruled, and his second ground for relief is dismissed.

        B.     *Effective Assistance of Trial Counsel*

Petitioner also challenges the magistrate judge's conclusion that he was not denied effective assistance of counsel. In his application, petitioner alleged that trial counsel "committed numerous errors and omissions and failed to develop any reasonable trial strategy which deprived petitioner of [the] right to effective assistance of counsel guaranteed by the Sixth Amendment." (Doc. No. 1 at 4.) While the magistrate judge noted that petitioner had not raised this issue on direct review, he reasoned that the claim was not procedurally defaulted because the state appellate court addressed "alleged ineffective performance of trial counsel in the context of Herron's claim that his guilt[y] plea was not valid." (Doc. No. 14 at 319.) As to the merits of the claim, the magistrate judge observed that the state appellate court found that the state's prosecution of the rape charge was not time-barred because the statute of limitations had been lawfully expanded before the old limitations period had expired, making the state's prosecution within the new time period lawful.[9] Applying the *Strickland* standard for effectiveness, the magistrate judge concluded that trial counsel did not offer ineffective assistance by

---

asserted flowed from his unsubstantiated belief that counsel conspired to violate these statutory rights. As such, these factors would not weigh in favor of petitioner.

[9] At the time of the offense (October 7, 1996), the statute of limitations for all felonies, including rape, was six years. In March 1999, the Ohio General Assembly extended the statute of limitations period for rape to 20 years, and made the change retroactive for all cases in which the former six-year statute of limitations had not expired. *See* Ohio Rev. Code § 2901.13(A)(3)(a). Because the change in the law came less than six years after the commission of the alleged rape, the longer statute of limitations applied.

failing to raise the meritless statute of limitations argument. (*Id*. at 320-21 [citing *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984)]).

Petitioner raises two objections. First, petitioner insists that his claim of ineffective assistance of counsel was raised in both the court of appeals and in the Ohio Supreme Court. (Doc. No. 16 at 334.) Because the magistrate judge reached the merits of this claim, petitioner's objection is overruled. In his second objection under this ground for relief, petitioner maintains that his ineffective assistance claim does not revolve around trial counsel's refusal to seek dismissal of the indictment as time-barred. While the Court agrees with petitioner that the underlying attorney conduct was not the dispute over the statute of limitations for rape, the Court adopts the magistrate judge's conclusion that petitioner was not deprived his constitutional right to effective assistance of counsel.

After advancing general allegations relating to the deficiency of trial counsel, petitioner's application provides that "[d]uring the course of the proceedings the petitioner questioned the demeanor and ethics of assigned counsel, and wrote a letter to the trial court, the letter can be obtained through clerk of courts, which was filed stamp and return, January 10, 2007." (Doc. No. 1 at 4.) As the Court has previously observed, the letter in question related to petitioner's belief that his statutory speedy trial rights had been violated by his counsel's alleged conspiracy with the prosecutor to disregard the alleged agreement that the time for bringing him to trial under the state statute would automatically expire on December 12, 2007. It is this conduct the Court believes serves as the foundation for petitioner's ineffective assistance claim.

14

To obtain the reversal of a conviction on the basis of ineffective assistance of counsel, a petitioner must prove that: (1) counsel's performance "fell below an objective standard of reasonableness;" and (2) counsel's deficient performance prejudiced the petitioner, resulting in an unreliable or fundamentally unfair outcome in the proceeding. *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). A petitioner's failure to satisfy one prong of the test negates a court's need to consider the other. *See id*. at 697; *Ivory v. Jackson*, 509 F.3d 284, 294 (6th Cir. 2007).

Here, petitioner cannot establish that his trial counsel's conduct fell below an objective standard of reasonableness, nor can he prove that he was prejudiced by his counsel's performance. Petitioner's only evidence of alleged unreasonableness is his counsel's failure to seek dismissal of the pending state charges when the trial date was extended beyond December 12, 2007. As previously discussed, petitioner's speedy trial rights were not violated, and his counsel, therefore, was not ineffective for failing to pursue this meritless claim. *See Coley v. Bagley*, 706 F.3d 741, 752 (6th Cir. 2013) ("Omitting meritless arguments is neither professionally unreasonable nor prejudicial."); *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998) ("Counsel was not required to raise meritless arguments to avoid a charge of ineffective assistance of counsel."); *see also Harris v. United States*, 204 F.3d 681, 683 (6th Cir. 2000) (failure by counsel to do something that would have been futile is not ineffective assistance); *United States v. Hanley*, 906 F.2d 1116, 1121 (6th Cir. 1990) (counsel was not ineffective for failing to pursue motions that would have been futile); *see, e.g., Palacios v. Burge*, 589 F.3d 556, 566 (2d Cir. 2009) (counsel's performance was not deficient simply because he chose not

15

to pursue meritless Fourth Amendment issue). Petitioner's second ground for relief is dismissed.

### C.  *Refusal to Withdraw Guilty Plea*

In another related claim, petitioner challenges the magistrate judge's findings of fact and conclusion of law as to his third ground for relief. In his habeas petition, Herron alleged that the trial court erred by denying his pre-sentence motion to withdraw his guilty plea. Herron explained, "[t]he trail [sic] court records will Demonstrate [sic] that the time of [the motion to withdraw] was reasonable, and should have been freely and liberally granted." (Doc. No. 1 at 6.) The magistrate judge recommended that habeas relief be denied because the state appellate court's determination that no reversible error occurred violated no clearly established federal law. In reaching this conclusion, the magistrate judge underscored the fact that petitioner did not base his request on the ground that his guilty plea was not voluntarily or knowingly made, but instead relied exclusively on his change of heart subsequent to entering the plea. (Doc. No. 14 at 326 [citing authority].)

In his objections, petitioner argues that the denial of his request was the result of the ineffectiveness of his trial counsel. He posits, "[h]is withdrawal of his guilty plea was not just a mere change of heart, but a valid reason to withdraw his guilty plea due to ineffective assistance of counsel creating a conflict of interest and the clear violation of his speedy trial rights. Furthermore, the withdrawal should have been granted by the trial court after the many egregious errors that were made throughout the proceedings." (Doc. No. 16 at 336.)

16

To the extent this ground for relief suggests that petitioner's guilty plea was rendered involuntary due to the ineffective assistance of counsel identified in his first ground for relief, this ground is rejected for the same reasons set forth above, as there was no speedy trial violation and counsel was not ineffective for failing to raise the meritless issue relating to the state speedy trial statute.

Moreover, the Court finds that the state appellate court's determination was neither "contrary to" nor "involved an unreasonable application of" settled federal law, nor represented "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) and (2). At the plea hearing on March 10, 2008, petitioner indicated that his plea was knowing and voluntary, that he understood the charges against him and the rights he was giving up by pleading guilty, and that he was satisfied with the representation by his counsel. (Doc. No. 7-2 at 219-225.) Three weeks later, on the date of sentencing (March 31, 2008), petitioner made an oral motion, under Rule 32 of the Ohio Rules of Criminal Procedure, to withdraw his guilty plea. According to petitioner, his reasons for making the request were two-fold: first, he believed that the charge of rape was time-barred because it was brought after the former limitations period had expired; and second, that he "just want[ed] to take it to trial and let the jury convict me on this." (Doc. No. 7-2 at 232-33.) The appellate court found that the trial court had not abused its discretion in rejecting the motion, finding that petitioner was timely charged with rape under the amended 20-year limitations period, and that his new desire to go to trial was not a valid reason for allowing the withdrawal of the plea. *Herron*, 2009 WL 1244161, at *2.

17

After the trial court accepts a guilty plea, a defendant may only withdraw his plea if the court rejects a plea agreement, or the defendant provides "a fair and just reason for requesting the withdrawal."[10] *See United States v. Dixon*, 479 F.3d 431, 436-38 (6th Cir. 2007) (quoting Fed. R. Crim. P. 11(d)(2)(B)). Petitioner based his request on his misunderstanding of the statute of limitations for his rape charge, and his newly minted desire to leave his fate to a jury. There was no legal basis for petitioner to believe that his rape charge was time-barred, and an "unjustified, last-minute change of heart is insufficient to support a motion to withdraw." *United States v. Baez*, 87 F.3d 805, 809 (6th Cir. 1996) (defendant was not entitled to withdraw his guilty plea where defendant did not provide a valid reason to justify his 67-day delay between the plea and his motion to withdraw); *see United States v. Haygood*, 549 F.3d 1049, 1052-53 (6th Cir. 2008) (Guilty plea withdrawals "should generally not be allowed where a defendant has made 'a tactical decision to enter a plea, wait[ed] several weeks, and then . . . believes he made a bad choice in pleading guilty.'") (quoting *United States v. Alexander*, 948 F.2d 1002, 1004 (6th Cir. 1991) (further citation and quotation omitted)). Because there is no basis for a habeas court to disturb the state appellate court's determination, petitioner's third ground for relief is dismissed.

D.  *Denial of Motion to Supplement Record*

In his fourth ground for relief, petitioner complains that the state appellate court erred in denying his motion to supplement the record with 17 pages of transcripts

---

[10] A defendant bears the burden of proving that the withdrawal of the plea is justified. *United States v. Stephens*, 906 F.2d 251, 252 (6th Cir. 1990).

that were missing from the record as originally filed with the appellate court. The record reflects that the motion was denied by the appellate court as moot because the Ohio Supreme Court had already dismissed the appeal. The magistrate judge found that the claim was procedurally defaulted because petitioner failed to challenge the denial of the motion in the Ohio Supreme Court, and further found that the ground for relief did not state a cognizable claim because petitioner failed to show "why the absence of unspecified pages of the transcript from the appellate record involve[d] any violation of the United States Constitution." (Doc. No. 14 at 316.)

In his objections, petitioner takes issue with the magistrate judge's determination that petitioner failed to show why the omission of the 17 pages of trial transcripts prejudiced his case, noting that he made it clear in his petition that the issue of his speedy trial rights was "vital" to him, and that he further demonstrated that he took all reasonable steps to timely make the missing pages available for review by the state courts. (Doc. No. 16 at 333.)

The Court overrules this objection, and, with one exception, adopts the magistrate judge's factual findings and legal conclusions relating to this ground for relief. For purposes of habeas review, a claim is procedurally defaulted if a petitioner fails to raise it before the state's highest court after raising it at the first level of appeals. A constitutional claim raised in the state court of appeals but not in the state supreme court cannot be considered in federal habeas. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Leroy v. Marshall*, 757 F.2d 94, 100 (6th Cir. 1985). The failure to raise the issue to the state's highest court operates as a procedural bar against collateral challenges to the

19

conviction, and generally precludes a federal habeas court from addressing the issue.[11] *See Leroy*, 757 F.2d at 100.

However, the procedural bar can be overcome by showing "cause" and "actual prejudice" resulting from the alleged constitutional violation. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). To establish prejudice, a petitioner must show "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting the entire proceedings with constitutional error. *See Howard v. Bouchard*, 405 F.3d 459, 485 (6th Cir. 2005) (appellate counsel's failure to raise ineffective assistance of counsel claim did not result in prejudice to petitioner because trial counsel's errors were not prejudicial), *cert. denied*, 126 S. Ct. 1032 (2006). In extraordinary cases, a habeas petition may also demonstrate that a fundamental miscarriage of justice will result from enforcement of the procedural bar. *See Murray v. Carrier*, 477 U.S. 478, 496 (1986) (procedural default would be excused, even in the absence of cause, when "a constitutional violation has probably resulted in the conviction of one who is actually innocent"); *Webb v. Mitchell*, 586 F.3d 383, 399 (6th Cir. 2009) (procedural default not excused under actual innocence exception because petitioner did not show actual innocence).

Petitioner did not present the denial of his motion to supplement the record to the state's highest court for review before raising it in his federal habeas petition. As

---

[11] The magistrate judge correctly determined that Ohio's *res judicata* rule, which requires litigants to assert a claim at the earliest opportunity or be precluded from raising it later, constituted an adequate and independent state law ground for enforcing a procedural default. *Monzo v. Edwards*, 281 F.3d 568, 577 (6th Cir. 2002); *see also Morales v. Mitchell*, 507 F.3d 916, 937 (6th Cir. 2007) (acknowledging the test for determining if a claim is procedurally defaulted, which requires the existence of a state procedural rule relied upon by the state court, to which the petitioner failed to comply, that supplies an adequate and

such, his claim is procedurally barred. *See O'Sullivan*, 526 U.S. at 848; *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). Moreover, even if the Court were to consider his explanation of his efforts to timely supplement as demonstrating cause, petitioner has failed to prove prejudice. The transcript pages in question relate to the aforementioned colloquy between the trial court and petitioner, wherein the trial court explained to petitioner the reasons he did not have a meritorious statutory speedy trial issue. (*See* Doc. No. 13-3 beginning at 276.) Petitioner has not demonstrated, nor can he based on the facts surrounding the underlying proceedings in state court, how the absence of pages which merely capture the trial court's factually and legally accurate explanation as to why petitioner did not have a state statutory speedy trial claim worked an actual and substantial disadvantage to him in state court. *See, e.g., Fischetti v. Johnson*, 384 F.3d 140, 155 (3d Cir. 2004) (procedural default not excused where petitioner failed to establish what effect the missing records would have had on his appeal). Because petitioner did not demonstrate prejudice, nor offer any evidence that he was actually innocent of the charges, the claim was procedurally defaulted.

In reaching this conclusion, the Court notes that the magistrate judge erred in finding that petitioner "made no attempt to identify the exact portions of the transcript that were omitted from the record . . . ." (Doc. No. 14 at 317.) These pages were appended to petitioner's reply as Appendix C. (*See* Doc. No. 13-3 at 276-91.) Respondent had previously appended these same pages to his answer and return of writ. (*See* Doc. No. 7-2 at 229-250.)

---

independent state law basis for barring federal habeas review) (quotation and citation omitted).

The magistrate judge also correctly determined that the fourth ground for relief does not present a cognizable claim for habeas review. While the heading of this ground includes the words "Fourteenth Amendment," petitioner fails to demonstrate why the refusal to supplement the record violated his constitutional rights. The Supreme Court "has never held that the absence of a portion of a trial transcript automatically entitles the defendant to a retrial." *Jackson v. Renico*, 179 F. App'x 249, 252 (6th Cir. 2006). The Sixth Circuit has ruled that a state prisoner seeking federal habeas relief must demonstrate prejudice due to a missing transcript before a constitutional violation of a right to a fair trial will be found. *See Bransford v. Brown*, 806 F.2d 83, 86 (6th Cir. 1986); *see also White v. Florida*, 939 F.2d 912, 914 (11th Cir. 1991) (following *Bransford*), *cert. denied*, 112 S. Ct. 1274 (1992). As previously stated, petitioner has failed to make any showing of prejudice from the absence of the transcript pages. A petitioner's "failure to show nothing more than 'rank speculation' that the transcripts were necessary to a fair appeal precludes any finding of a constitutional violation" to support a habeas proceeding. *See Glover v. Littlefield*, No. 93-3949, 1994 WL 315228, at *2 (6th Cir. June 29, 1994) (quoting *Bransford*, 806 F.2d at 86); *Mitchell v. Wyrick*, 698 F.2d 940, 941-42 (8th Cir. 1983), *cert. denied*, 103 S. Ct. 3120 (1983); *see, e.g., Pierson v. Palmer*, No. CIV.A.01-CV-71851-DT, 2002 WL 31236195, at *7 (E.D. Mich. Sept. 4, 2002) (no habeas relief where petitioner failed to show prejudice from missing portions of revocation hearing transcript); *Bell v. Withrow*, No. 99-CV-74199-DT, 2000 WL 973680, at *4 (E.D. Mich. June 30, 2000) (no prejudice from trial court's inadvertent failure to transcribe portions of witness's trial testimony, inasmuch as there was no

indication that the testimony was necessary for petitioner to appeal his convictions). Petitioner's fourth ground for relief is dismissed as procedurally barred and, alternatively, for failing to state a cognizable claim for habeas relief.

E.     *Alleged Deficient Indictment*

In his final ground for relief, petitioner alleges that he was denied due process because the state court indictment omitted the required *mens rea* for the crime of aggravated robbery. (Doc. No. 1 at 8.) The state appellate court rejected petitioner's claim because the crime of aggravated robbery is a strict liability offense, and any indictment charging such a crime need not state a culpable mental element to properly apprise a defendant of the charge against him. *Herron*, 2009 WL 1244161, at *2. The magistrate judge recommended dismissal, concluding that the state appellate court's adjudication of this claim was neither contrary to, nor an unreasonable application of, clearly established federal law. (Doc. No. 14 at 328.) Petitioner objects to this recommendation "for the reason that the indictment is defective." (Doc. No. 16 at 336.) He argues that the Ohio Supreme Court has previously held that an indictment that fails to charge a *mens rea* element is so defective that it constitutes structural error. This objection is overruled.

"The law is well settled that the federal guarantee of a grand jury indictment has not been applied to the states. It is also well settled in [the Sixth] Circuit that the Constitution does not require any particular state indictment rule. In fact, it does not require an indictment at all if sufficient notice of the charges is given in some other manner." *Koontz v. Glossa*, 731 F.2d 365, 369 (6th Cir. 1984) (citing, among authorities,

23

*Branzburg v. Hayes*, 408 U.S. 665 (1972) (no federal constitutional right to an indictment in state criminal proceedings)); *see Williams v. Haviland*, 467 F.3d 527, 534 (6th Cir. 2006). For purposes of constitutional due process, it is sufficient that a charging instrument gives the criminal defendant "fair notice of the charges against him to permit adequate preparation of his defense." *Koontz*, 731 F.2d at 369 (collecting cases); *see Williams*, 467 F.3d at 535; *Combs v. Tennessee*, 530 F.2d 695, 698-99 (6th Cir. 1976). Thus, to the extent that petitioner challenges the lack of notice as to the culpability required for the crime of aggravated robbery, there is no violation because aggravated robbery is a strict liability crime that does not include a *mens rea* element. Therefore, petitioner was on notice as to the charge against him, and due process requires nothing more. *See, e.g., Freeman v. Bradshaw*, Case No. 4:11CV791, 2012 WL 2953115, at *3 (N.D. Ohio July 19, 2012) (no due process violation where petitioner was charged under Ohio law with aggravated robbery, which is a strict liability crime that does not contain a *mens rea* element); *Weaver v. Warden*, Case No. 1:11-cv-218, 2012 WL 5439301, at *7 (S.D. Ohio Oct. 11, 2012) (same), *report adopted and habeas corpus petition denied*, 2012 WL 5439294 (S.D. Ohio Nov. 7, 2012). Petitioner's objection is overruled, and the fifth ground for relief is dismissed.

IV.     **CONCLUSION**

For all of the foregoing reasons, the magistrate judge's December 3, 2012 Report and Recommendation (Doc. No. 14) is adopted, in part. Petitioner's application for a writ of habeas corpus is denied. Further, the Court certifies that an appeal from this

decision could not be taken in good faith and that there is no basis upon which to issue a

certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED.**

Dated: June 26, 2013

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**